**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Val A Rand, Jr. and Roberta M Rand,** | Bankruptcy No. 15-30845 |
| | Honorable Pamela S. Hollis |
| Debtor. | |

**COVER SHEET FOR FINAL FEE APPLICATION OF**
**FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Peter N. Metrou, Chapter 7 Trustee for the estate of Val A Rand, Jr. and Roberta M Rand |
| Period for Which Compensation is Sought: | July 20, 2016 - September 12, 2017 |
| Amount of Fees Sought: | $16,567.50 |
| Amount of Expense Reimbursement Sought: | $219.13 |
| This is an: | Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{00099145}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Val A Rand, Jr. and Roberta M Rand,** | Bankruptcy No. 15-30845 |
| | Honorable Pamela S. Hollis |
| Debtor. | |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, October 20, 2017, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: September 21, 2017          **FactorLaw**

                                   By: */s/ Ariane Holtschlag*
                                   One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00099145}                         2

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on September 21, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

/s/ Ariane Holtschlag

**Registrants in the Case**

(Service via ECF)

| | |
|---|---|
| Christopher M Cahill | ccahill@lowis-gellen.com, abockman@lowis-gellen.com |
| Timothy A. Clark | tim.bkct@kcccp.com, brenda@kcccp.com |
| Richard G Larsen | rlarsen@springerbrown.com, skadlcek@springerbrown.com, iprice@springerbrown.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Peter N Metrou | met.trustee7@att.net, met.trustee_backup@att.net, pnmlawyer@aol.com, pmetrou@ecf.epiqsystems.com |

{00099145} 3

Timothy A. Clark
3180 Theodore Street, #102
Joliet, IL 60435-8535

Alliance One
4850 Street Rd. #300
Feasterville Tre, PA 19053-6643

Ally
POB 380901
Minneapolis, MN 55438-0901

Blitt & Gaines, P.C.
661 Glenn Ave
Suite 1600
Wheeling, IL 60090-6017

Summitbridge Credit Investments IV LLC
1700 Lincoln Street
Suite 2150
Denver, CO 80203-4500

Capital One Bank
4851 Cox Road
Glen Allen, VA 23060-6293

Capital One Bank (USA), N.A.
by American InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Chase Bank USA
800 Brooksedge Blvd
Westerville, OH 43081-2822

Chase Bank USA
POB 15548
Wilmington, DE 19886-5548

CitiBank
POB 6241
Sioux Falls, SD 57117-6241

SummitBridge Credit Investments IV LLC
c/o Mark A. Silverman
Lowis & Gellen LLP
200 W. Adams St., Suite 1900
Chicago, IL 60606-5229

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Global Credit & Collection Cor
POB 101928
Birmingham, AL 35210-6928

Hallmark Marketing Company, LLC
c/o Robert A. Kumin, P.C.
6901 Shawnee Mission Parkway, Suite 250
Overland Park, KS 66202-4029

Hallmark Marketing Corporation
c/o Hallmark Legal Department
2501 McGee, M.D. 339
Kansas City, MO 64108-2615

William Thorsness
Vedder Price, PC
222 N. LaSalle Street, #2600
Chicago, IL 60601-1104

SummitBridge Investment IV LLC
c/o Mark A. Silverman
Lowis & Gellen LLP
200 W. Adams St., Suite 1900
Chicago, IL 60606-5229

Roberta M Rand
1420 Woodbridge Rd.
Unit 1-D
Joliet, IL 60436-1368

Val A Rand Jr
1420 Woodbridge Rd.
Unit 1-D
Joliet, IL 60436-1368

PYOD, LLC its successors and assigns as
assi of Citibank, N.A.
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Case 15-30845    Doc 104    Filed 09/21/17    Entered 09/21/17 15:28:05    Desc Main
                                 Document       Page 4 of 12

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Val A Rand, Jr. and Roberta M Rand,** | Bankruptcy No. 15-30845 |
| Debtor. | Honorable Pamela S. Hollis |

**FACTORLAW'S FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "***FactorLaw***"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Val A Rand, Jr. and Roberta M Rand (the "***Debtors***"), hereby submits its final application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **16,567.50** for legal services performed by FactorLaw during the period of July 20, 2016 through September 12, 2017 (the "***Application Period***") and **$219.13** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4.  On September 9, 2015, (the "***Petition Date***") the Debtors filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "***Bankruptcy Code***"), thereby initiating the Case.

5.  Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6.  The Court approved the Trustee's retention of FactorLaw effective as of July 20, 2016 to investigate certain assets of the Estate.

7.  Among the assets of the Estate were various financial accounts, and a claim against the Debtors and insiders of Debtors for potential fraudulent transfers.

8.  On August 19, 2016, this Court authorized the Trustee to examine the Debtors pursuant to Rule 2004 to investigate pre-petition transfers and claims of exemption made by the Debtors in certain annuity contracts.

9.  The Trustee uncovered several questionable transactions and potential fraudulent transfers totaling approximately $170,000 over the two-year period leading up to the Petition Date. The Debtors have alleged certain defenses.

10. Ultimately the Trustee and the Defendants reached a settlement whereby the Debtors surrendered the full value of two of the annuity contracts totaling over $149,000, which settlement was approved by this Court on September 1, 2017.

11. The settlement has now been fully consummated and the Trustee is preparing to file his final report.

# FEE APPLICATION

## I. Services performed.

12. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

13. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

### 1. *Summary of Services by professional.*

14. FactorLaw spent a total of 59.7 hours at a cost of $16,567.50 in connection with this Case during the Application Period.

15. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275/$325[1] | 48.5 | $13,557.50 |
| Julia D. Loper | Associate | $275 | 10.8 | $2,970.00 |
| Danielle Ranallo | Paralegal | $100 | 0.4 | $40.00 |
| | | **Totals:** | **59.7** | **$16,567.50** |

### A. *Itemization of fees by category of Services rendered.*

16. **Case Administration.** FactorLaw spent a total of 5.4 hours at a cost of $1,545.00 on matters relating to case administration.

17. A breakdown of the professionals providing Services in this category is as follows:

---

[1] Ms. Holtschlag's hourly rate was increased to $325.00 effective June 1, 2017 in the ordinary course of FactorLaw's annual rate adjustments.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275/$325 | 3.4 | $995.00 |
| Julia D. Loper | Associate | $275 | 2.0 | $550.00 |
| | | **Totals:** | **5.4** | **$1,545.00** |

18. **Rule 2004 Examinations.** FactorLaw spent a total of 19.3 hours at a cost of $5,032.50 on matters relating to conducting Rule 2004 examinations.

19. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275/$325 | 19.3 | $5,032.50 |
| | | **Totals:** | **19.3** | **$5,032.50** |

20. **Exemption Issues**. FactorLaw spent a total of 17.9 hours at a cost of $4,902.50 on matters relating to investigating exemption issues and extending deadlines.

21. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275/$325 | 17.5 | $4,862.50 |
| Danielle Ranallo | Paralegal | $100 | .4 | $40.00 |
| | | **Totals:** | **17.9** | **$4,902.50** |

{00099145} 7

22. **Settlement**. FactorLaw spent a total of 17.1 hours at a cost of $5,087.50 on matters relating to settling the Estate's claims against Debtors.

23. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275/$325 | 8.3 | $2,667.50 |
| Julia Loper | Associate | $275 | 8.8 | $2,420.00 |
| | | **Totals:** | **17.1** | **$5,087.50** |

## II. Expenses

24. FactorLaw incurred $219.13 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

25. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III. FactorLaw's retention was appropriate through the Application Period

26. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

27. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of

fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

28. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

29. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

30. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

{00099145}    9

31. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

32. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf*. 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

33. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $277.51. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **16,567.50**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$219.13**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$16,786.63**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: September 21, 2017            **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com